**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY PARKS, # 116705,

        Plaintiff,

v.                                                  Case Number: 11-CV-12931
                                                  Honorable Victoria A. Roberts

CORRECTIONAL MEDICAL SERVICES,
KAKANI, P.A., D. MORE, L.P.N., BRIAN
DOUGLAS, R.N., and H.U.M,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.  INTRODUCTION**

     This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff, Larry Parks, leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

     Plaintiff, an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this civil rights action naming as Defendants: (1) Correctional Medical Services, Inc., (2) Kakani, P.A., (3) D. More, L.P.N., (4) Brian Douglas, R.N., and (5) H.U.M.

In his *pro se* Complaint, Plaintiff states that he had a major medical procedure, spine and neck surgery, for which he was given pain medication and placed on restrictive medical detail. While on restrictive work, he re-injured his neck and spine, causing extreme and excruciating pain. He claims that because of that pain, he had difficulty sleeping, bathing, and even washing his face and hands. He alleges that he has been denied medical treatment, namely pain medication for his pain. He seeks monetary damages.

The Court dismisses the Complaint for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

## II.  DISCUSSION

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims fall under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The

Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's needs for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a

violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).  Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate-indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, 100 F.3d 958 (Table), 1996 WL 627724 at *1 (6th Cir. 1996).  This is so even if there is an inadequate course of treatment and considerable suffering.  *Gabehart v. Chapleau*, 110 F.3d 63 (Table), 1997 WL 160322, at *2 (6th Cir. 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Id.*; *Brock v. Crall*, 8 F.App'x 439, 440-41 (6th Cir. 2001); *Jones v. Martin*, 5 F.App'x 434, 436 (6th Cir. 2001); *Williams v. Mattson*, 221 F.3d 1337 (Table), 2000 WL 924145, at *1 (6th Cir. 2000); *Davis v. Ulep*, 173 F.3d 854 (Table), 1999 WL 98390, at *1 (6th Cir. 1999); *Cain v. Huff*, 117 F.3d 1420 (Table), 1997 WL 377029, at *4 (6th Cir. 1997); *Gabehart*, 1997 WL 160322 at *2.

The Court concludes Plaintiff  failed to meet both the objective and the subjective components to support an Eighth Amendment claim.  His complaints are with regard to the

specific treatment received; that does not support an Eighth Amendment claim. The Complaint, brought almost three years after the initial incident, fails to produce medical proof that he suffered detrimental effects as a result of Defendants' treatment or non-treatment of his condition, or their alleged failure to properly test and refer him to appropriate specialists. As such, Plaintiff has not demonstrated a sufficiently serious medical need to trigger an Eighth Amendment violation.

Even if Plaintiff met the objective and the subjective components of his claim, he fails to demonstrate Defendants were deliberately indifferent to his medical needs. An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. Plaintiff has not alleged any facts that would support such a conclusion. Rather, Plaintiff's conclusory allegations that Defendants' treatment of his medical condition was so cursory as to amount to no treatment at all, is not supported in the Complaint. Defendants medically evaluated Plaintiff by physically examining him and treating his complaints, initially with palliative treatment, and then with pain medication.

### III.  CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's Civil Rights Complaint. The Court also concludes that an appeal from this Order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
Dated: July 18, 2011                              United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and Larry Parks by electronic means or U.S. Mail on July 18, 2011.

s/Carol A. Pinegar
Deputy Clerk